IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. SUTOR and | : | |
| THERESA Y. SUTOR | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 06-1371 |
| FEDERAL EMERGENCY | : | |
| MANAGEMENT AGENCY (FEMA), | : | |
| LIBERTY MUTUAL FIRE INSURANCE | : | |
| and M&N ADJUSTING, INC. | : | |

| | | |
|---|---|---|
| ROBERT M. SUTOR and | : | |
| THERESA Y. SUTOR | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-2477 |
| FEDERAL EMERGENCY | : | |
| MANAGEMENT AGENCY (FEMA), | : | |
| LIBERTY MUTUAL FIRE INSURANCE | : | |
| and PILOT CATASTROPHE SERVICES, | : | |
| INC. | : | |

**SURRICK, J.**                                                                 **MAY 5, 2008**

**MEMORANDUM & ORDER**

Presently before the Court are the Federal Defendant's Motion to Dismiss Complaint in Civ. A. No. 06-1371, (Doc. No. 11), and the Motion of Defendant to Dismiss Plaintiffs' Complaint in Civ. A. No. 07-2477, (Doc. No. 4).[1]  For the following reasons, Defendant's Motions will be granted.

---

[1] Although these motions were filed in two separate lawsuits, we deal with them in one opinion as the issues are identical.

**I.    BACKGROUND**

These suits arise out of Standard Flood Insurance Policies ("SFIP") issued by Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") to Plaintiffs Robert M. Sutor and Teresa Y. Sutor, husband and wife.  (Civ. A. No. 06-1371, Doc. No. 1 ¶¶ 1, 4, 10; Civ. A. No. 07-2477, Doc. No. 1 ¶¶ 1, 3, 10; *see also* Civ. A. No. 06-1371, Doc. No. 1, Ex. A ("Flood Policy Declarations," Policy No. FF2-281-000078-604); Civ. A. No. 07-2477, Doc. No. 1, Ex. A (same).)  Defendant Federal Emergency Management Agency ("FEMA") administers the National Flood Insurance Program ("NFIP"), which regulates all flood insurance policies.  (Civ. A. No. 06-1371, Doc. No. 1 ¶ 2; Civ. A. No. 07-2477, Doc. No. 1 ¶ 2.)  Liberty Mutual is a Write-Your-Own ("WYO") company participating in the NFIP.  (*Id.* ¶ 4).  WYO companies are private sector property insurance companies authorized under the NFIP to issue and administer SFIPs in their own names as insurers.  *See* 44 C.F.R. §§ 62.13(f), 62.23.

The SFIP which forms the basis for the claims in Civil Action No. 06-1371 covered the period from December 31, 2004 to December 31, 2005.  The SFIP that forms the basis of the claims in Civil Action No. 07-2477 covered the period from December 31, 2005 to December 31, 2006.  On or about April 3 and 4, 2005, Plaintiffs' residence, the property covered by the policies, was severely damaged by a flood.  On or about June 27 and 28, 2006, Plaintiffs' residence was again damaged by a flood.  It is alleged that "FEMA denied, constructively denied, and/or partially denied, the Sutors' Proof of Loss" under the Policy for damage to their property as a result of the floods.

On March 30, 2006, Plaintiffs filed a Complaint against FEMA, Liberty Mutual, and M&N Adjusting, Inc. ("M&N") for the damage caused by the 2005 flood.  (Civ. A. No. 06-1371,

Doc. No. 1.)  On June 19, 2007, Plaintiffs filed a nearly identical Complaint against FEMA, Liberty Mutual, and Pilot Catastrophe Services, Inc. ("Pilot") for the damage caused by the flood in 2006.  (Civ. A. No. 07-2477, Doc. No. 1.)  Count I of each Complaint alleges a breach of contract claim against FEMA and Liberty Mutual, asserting that Plaintiffs had paid the premiums and complied with the terms and conditions of the SFIP and that "[d]espite demand for the limits under the Policy for loss to the Property, FEMA and/or Liberty Mutual have failed and refused to make such payment to the Plaintiffs, thus breaching the Policy."  (Civ. A. No. 06-1371, Doc. No. 1 ¶ 23; Civ. A. No. 07-2477, Doc. No. 1 ¶ 23.)[2]

On July 13, 2006, in response to the first Complaint, FEMA filed a Motion to Dismiss Plaintiffs' Complaint.  (Civ. A. No. 06-1371, Doc. No. 11.)  Plaintiffs' filed a memorandum in opposition on July 27, 2006.  (Civ. A. No. 06-1371, Doc. No. 13.)

On August 14, 2007, in response to the second Complaint, FEMA filed another Motion to Dismiss Plaintiffs' Complaint.  (Civ. A. No. 07-2477, Doc. No. 4.)  Plaintiffs' filed a memorandum in opposition on August 28, 2007, (Civ. A. No. 07-2477, Doc. No. 5), to which FEMA filed a reply on September 7, 2007, (Civ. A. No. 07-2477, Doc. No. 7).

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction over the case.  Fed. R. Civ. P. 12(b)(1).  The party asserting that jurisdiction is proper bears the burden of showing that jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Packard v. Provident Nat'l Bank*, 994

---

[2] Counts II and III of Plaintiffs' Complaints allege negligence and third-party beneficiary claims against the adjusting companies.  These claims are not relevant to our discussion here.

F.2d 1039, 1045 (3d Cir. 1993).  In determining jurisdiction, the court may consider evidence that is outside the pleadings when a party makes a factual, rather than facial, challenge to the court's jurisdiction.  *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 175 (3d Cir. 2000).

### III.    LEGAL ANALYSIS

In its motions to dismiss, FEMA argues that since the United States has not waived its sovereign immunity and since FEMA had no active participation in the issuance of Plaintiffs' SFIP or the adjusting of Plaintiffs' claim, "Plaintiffs fail to assert any proper basis of jurisdiction over FEMA or state a claim against FEMA."  (Civ. A. No. 06-1371, Doc. No. 11 at 1-2, 6; Civ. A. No. 07-2477, Doc. No. 4 at 2, 5.)

In response, Plaintiffs argue that, because there is privity of contract between FEMA and Plaintiffs, FEMA's claim of sovereign immunity does not apply.  (Civ. A. No. 06-1371, Doc. No. 13 at 7; Civ. A. No. 07-2477, Doc. No. 5 at 5.)  Plaintiffs find this privity in the use of the terms "us," "we," and "our" to refer to the "insurer" in the SFIP.  (Civ. A. No. 06-1371, Doc. No. 13 at 5-7; Civ. A. No. 07-2477, Doc. No. 5 at 8-9).  Plaintiffs argue that these terms should be construed to include FEMA.  (*Id.*)

FEMA replies that there is privity of contract between Plaintiffs and Liberty Mutual, not FEMA, because Liberty Mutual is the WYO company that issued the SFIP to Plaintiffs.  (Civ. A. No. 07-2477, Doc. No. 7 at 3-4.)

The doctrine of sovereign immunity provides that a plaintiff cannot bring a suit against the United States, including a suit for money damages, except to the extent that the United States has expressly consented to be sued.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  *United*

*States v. King,* 395 U.S. 1, 4 (1969).

The federal government has made a limited waiver of sovereign immunity where FEMA issues a SFIP and denies claims under that policy.  See 42 U.S.C. § 4072 (2003);[3] *see also Zion Realty Corp. v. FEMA*, Civ. A. No. 07-10830, 2007 U.S. Dist. LEXIS 86914, at *3 (D. Mass. Nov. 27, 2007) ("The only instance in which the federal government may be an appropriate party to litigation under the NFIP is described in 42 U.S.C. § 4072 . . . ."); *Gumpert v. Allstate Ins. Co.*, Civ. A. No. 97-1531, 1997 U.S. Dist. LEXIS 13161, at *8 (E.D. La. Aug. 27, 1997) ("Congress provided only a limited waiver of sovereign immunity under the National Flood Insurance Program (NFIP) – that is, only with respect to circumstances involving the denial of a claim submitted pursuant to a federally-issued SFIP under 42 U.S.C. § 4071).").

This limited waiver of sovereign immunity does not extend to the actions of WYO companies in issuing policies and adjusting claims.  Under the NFIP, the WYO company is the proper party to be sued in disputes arising from such actions:

> WYO Company shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their

---

[3] 42 U.S.C. § 4072 provides:

In the event the program is carried out as provided in [42 U.S.C. § 4072], the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

*Id*.

>insured under any flood insurance policies issued under agreements entered into with the Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies.

44 C.F.R. § 62.23(g).  Similarly, the regulations state that WYO companies "shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the Program."  *Id*. § 62.23(d); *see also id*. § 62.23(i)(6) ("Pursuant to the Arrangement, the responsibility for defending claims will be upon the Write Your Own Company . . . .").

Since there has been no waiver of sovereign immunity here, we lack subject matter jurisdiction over Plaintiffs' claims against FEMA.  Many courts that have addressed factually similar cases have reached this same conclusion.  *See, e.g., Kronenberg v. Fidelity Nat'l Ins. Co.*, Civ. A. No. 07-4877, 2008 U.S. Dist. LEXIS 16971, at *3-4 (E.D. La. March 5, 2008) ("In cases involving disputes arising out of a standard flood insurance policy issued by a W[Y]O provider, the WYO insurer, not the federal government, is the only real party of interest and is solely liable for the coverage of the standard policy that it provided."); *Basik v. Am. Sec. Ins. Co.*, Civ. A. No. 07-4425, 2008 U.S. Dist. LEXIS 7659, at *2 (E.D. La. Feb. 1, 2008) ("[W]hen an insured purchases a flood policy through a WYO carrier and has the claim adjusted and settled by the WYO carrier, the only proper party to the lawsuit is the WYO carrier."); *Virgil v. Horace Mann Ins. Co.*, Civ. A. No. 07-4351, 2008 U.S. Dist. LEXIS 6452, at *2 (E.D. La. Jan. 29, 2008) (same); *Zion Realty Corp.*, 2007 U.S. Dist. LEXIS 86914, at *4-5 (holding that the court lacked subject matter jurisdiction over FEMA because there had been no waiver of sovereign immunity); *Loree v. Fidelity Nat'l Prop. & Cas. Co.*, Civ. A. No. 06-250, 2007 U.S. Dist. LEXIS 35308, at *1 n.2 (N.D. Fla. May 15, 2007) ("[T]here is no waiver of sovereign immunity to sue

FEMA under the National Flood Insurance Act and thus subject matter jurisdiction is lacking with respect to plaintiff's claim against the federal defendant."); *Wiedemann v. Harleysville Mut. Ins.*, Civ. A. No. 06-4723, 2006 U.S. Dist. LEXIS 86893, at *4 (E.D. La. Nov. 28, 2006) (holding that FEMA is not a proper party to the action because the WYO insurer "is not an agent of the Government and is solely responsible for its obligations to its insured under the policy . . ."); *Hower v. FEMA*, Civ. A. No. 04-2222, 2004 U.S. Dist. LEXIS 22486, at *6 (E.D. Pa. Oct. 20, 2004) (finding that the court lacked subject matter jurisdiction over the plaintiff's claims against FEMA because "[t]he applicable federal regulations consistently state that if a claim is issued under a WYO policy, the WYO Company stands in for FEMA and is the proper party to be sued"); *Gumpert*, 1997 U.S. Dist. LEXIS 13161, at *8 (granting FEMA's motion to dismiss because "[t]he WYO company . . . is the real and only party in interest.  The WYO company is solely liable for the coverage the standard policy provides.  The WYO company is not the agent of the government.").

In the instant cases, not only has there been no waiver of sovereign immunity, but there is no privity of contract between FEMA and Plaintiffs.  As evidenced by the contract attached to Plaintiffs' Complaints, (*see* Civ. A. No. 06-1371, Doc. No. 1, Ex. A; Civ. A. No. 07-2477, Doc. No. 1, Ex. A), Liberty Mutual, not FEMA, issued Plaintiffs' SFIP.  Under the regulations, FEMA is not an appropriate defendant in these cases.  Accordingly, we will grant FEMA's motions to dismiss Plaintiffs' Complaints for lack of jurisdiction.[4]

---

[4] Plaintiffs also argue that the Third Circuit's decision in *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998) permits a claim to be brought against FEMA because *Van Holt* permitted a lawsuit to be brought against the "'functional equivalent'" of FEMA. (Civ. A. No. 07-2477, Doc. No. 5 at 10 (citing *Van Holt*, 161 F.3d at 166).)  We disagree with this interpretation of *Van Holt*.  Rather, "it appears that *Van Holt* merely stated the proposition that

An appropriate Order follows.

---

federal courts have jurisdiction over suits by policyholders against WYO Companies, not that the limited waiver of sovereign immunity applies whenever a policy holder could sue a WYO Company." *Hower*, 2004 U.S. Dist. LEXIS 22486, at * 8.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. SUTOR and<br>THERESA Y. SUTOR | : :<br>: | CIVIL ACTION |
| v. | : : | NO. 06-1371 |
| FEDERAL EMERGENCY<br>MANAGEMENT AGENCY (FEMA),<br>LIBERTY MUTUAL FIRE INSURANCE<br>and M&N ADJUSTING, INC. | : : : : | |

| | | |
|---|---|---|
| ROBERT M. SUTOR and<br>THERESA Y. SUTOR | : :<br>: | CIVIL ACTION |
| v. | : : | NO. 07-2477 |
| FEDERAL EMERGENCY<br>MANAGEMENT AGENCY (FEMA),<br>LIBERTY MUTUAL FIRE INSURANCE<br>and PILOT CATASTROPHE SERVICES,<br>INC. | : : : : : | |

**ORDER**

AND NOW this 5th day of May, 2008, upon consideration of the Federal Defendant's Motion to Dismiss Complaint, (Civ. A. No. 06-1371, Doc. No. 11), and the Motion of Defendant to Dismiss Plaintiffs' Complaint, (Civ. A. No. 07-2477, Doc. No. 4), and all documents submitted in support thereof and in opposition thereto, it is ORDERED that the Motions are GRANTED. Plaintiffs' Complaints as to FEMA are DISMISSED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge