IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. SUTOR AND | : | |
| TERESA Y. SUTOR | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 06-1371 |
| FEDERAL EMERGENCY | : | |
| MANAGEMENT AGENCY, | : | |
| LIBERTY MUTUAL FIRE INSURANCE | : | |
| COMPANY, AND M&N | : | |
| ADJUSTING, INC. | : | |

_____

| | | |
|---|---|---|
| ROBERT M. SUTOR AND | : | |
| TERESA Y. SUTOR | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-2477 |
| FEDERAL EMERGENCY | : | |
| MANAGEMENT AGENCY, | : | |
| LIBERTY MUTUAL FIRE INSURANCE | : | |
| COMPANY, AND PILOT | : | |
| CATASTROPHE SERVICES, INC. | : | |

**SURRICK, J.**                                                                **JULY  9  , 2009**

## MEMORANDUM

Plaintiffs Robert and Teresa Sutor have filed two actions in this Court based upon

Standard Flood Insurance Policies ("SFIPs") that were issued by Defendant Liberty Mutual Fire

Company.  Both actions raise the question of whether parties insured under the National Flood

Insurance Program ("NFIP" or the "Program") may sue independent insurance adjusters on

negligence and third-party beneficiary contract claims arising from the handling of SFIPs.

Presently before the Court are the Motion of for Summary Judgment of Defendant, M&N

Adjusting, Inc. (06-1371, Doc. No. 21) and the Motion of Defendant, Pilot Catastrophe Services, Inc., to Dismiss Plaintiffs' Complaint Pursuant to F.R.C.P. 12(b)(6) and/or for a More Definite Statement Pursuant to F.R.C.P. 12(e) (07-2477, Doc. No. 15).  For the following reasons, we conclude that Plaintiffs cannot bring negligence or third-party beneficiary contract claims against Liberty Mutual's adjusters, M&N Adjusting Inc. and Pilot Catastrophe Services Inc. (collectively, the "Adjuster Defendants").  Accordingly, M&N's Motion for Summary Judgment and Pilot's Motion to Dismiss will be granted.[1]

## I.      BACKGROUND

### A.      Statutory Framework

Congress passed the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001, *et seq.*, in 1968 with the goal of "limit[ing] the damage caused by flood disasters through prevention and protective measures, spread[ing] the risk of flood damage among many private insurers and the federal government, and mak[ing] flood insurance 'available on reasonable terms and conditions' to those in need of it."  *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998) (on rehearing) (quoting 42 U.S.C. § 4001(a)); *see also* 42 U.S.C. § 4001(b) ("Many factors have made it uneconomic for the private insurance industry alone to make flood insurance available to those in need of such protection on reasonable terms and conditions.").  The NFIA

---

[1] This Memorandum and Order addresses both actions filed by Plaintiffs.  For ease of reference, we refer to the action docketed Case Number 06-1371 as the "2006 Action" and the action docketed Case Number 07-2477 as the "2007 Action."  We refer to the complaints in the two actions as the "2006 Complaint" and the "2007 Complaint," respectively.  In May 2008, we dismissed FEMA as a party in both actions because sovereign immunity deprived us of subject matter jurisdiction. *See Sutor v. FEMA*, No. 06-1371, 2008 WL 1959693, at *3 (E.D. Pa. May 5, 2008).  The 2006 Complaint and the 2007 Complaint each allege a breach of contract claim against Liberty Mutual.  This Memorandum does not address those claims, which remain viable.

established the NFIP, designated the Federal Emergency Management Agency as the agency responsible for administering the Program, and provided for funding from the U.S. Treasury. *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2d Cir. 2006); *see also* 42 U.S.C. § 4017 (directing FEMA to establish a National Flood Insurance Fund in the U.S. Treasury).  The NFIA authorizes FEMA "to prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance made available under the provisions of this title." 42 U.S.C. § 4019.  The regulatory scheme promulgated by FEMA is set out in the Code of Federal Regulations at 44 C.F.R. §§ 61.1 to 78.14.

FEMA initially administered the Program under a provision of the NFIA known as Part A, 42 U.S.C. §§ 4251-56, which created a "pool of private insurance companies [that] issued policies and shared the underwriting risk[] with financial assistance from the federal Government."  *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 266 (3d Cir. 2004). Since 1978, FEMA has administered the Program under Part B of the NFIA, 42 U.S.C. §§ 4071-72.  *C.E.R.*, 386 F.3d at 266; 42 U.S.C. § 4041 (granting FEMA discretion to implement the Program under Part B).  Part B of the NFIA provides for federal operation of the Program with the assistance of private insurers.

In 1983, FEMA created the Write-Your-Own ("WYO") program.  *See* 44 C.F.R. §§ 62.23 to 62.24.  The WYO program permits private insurers ("WYO companies") to write SFIPs in their own names.  Although the WYO companies write the SFIPs, FEMA regulations set the terms and conditions of the policies, including the rate structures and premium costs.  *See* 44 C.F.R. §§ 61.4(b), 62.23(a), (c), (d); 44 C.F.R. pt. 61, app. A(1) (setting forth SFIP terms for

dwellings).  Under the WYO program framework, "the federal government underwrites the

policies and private WYO carriers perform significant administrative functions including

'arrang[ing] for the adjustment, settlement, payment and defense of all claims arising from the

policies.'"  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009) (footnote omitted;

alteration in original).  "WYO companies remit premiums collected, after deducting a scheduled

amount for administrative expenses, to FEMA for deposit in the National Flood Insurance Fund.

Claims are thus paid from federal funds."  *Studio Frames Ltd. v. Standard Fire Ins. Co.*, 483

F.3d 239, 244 (4th Cir. 2007) (citation omitted); *see also Gallup v. Omaha Prop. & Cas. Ins.

Co.*, 434 F.3d 341, 342 (5th Cir. 2005) (observing that SFIP "[c]laims are ultimately paid of out

of the U.S. Treasury").  WYO companies are fiscal agents of the United States.  42 U.S.C. §

4071(a)(1).  They are not, however, general agents of the of the federal government.  44 C.F.R. §

62.23(g) ("A WYO Company shall act as a fiscal agent of the Federal Government, but not as its

general agent.").

      **B.**     **Factual Background**

           *1.*    *2005 Policy and Flood*

     In December 2004, Plaintiffs entered into a renewal SFIP with Defendant Liberty

Mutual.[2]  (2006 Compl., Ex. A. (hereinafter, the "2005 Policy").)  The 2005 Policy provided

---

     [2] Plaintiffs allege that they entered into the SFIP with FEMA.  (2006 Compl. ¶ 10.)  The
2005 Policy was issued by Liberty Mutual acting as a WYO company.  (*See generally* 2005
Policy.)  *See also* 44 C.F.R. § 62.23(a) ("WYO companies may offer flood coverage to
policyholders insured by them under their own property business lines of insurance, pursuant to
their customary business practices, including their usual arrangements with agents and
producers."); *id.* § 61.13(f) (providing that WYO companies may issue SFIPs on "instruments of
flood insurance [that] may bear the name, as Insurer, of the issuing WYO Company").  The 2007
Complaint makes a similar allegation regarding the SFIP at issue in that action.  (2007 Compl.
¶ 10.)  These allegations appear to be incorrect since it is clear on the face of the policies that

Plaintiffs with flood insurance coverage of the property located at 126 South Bell Avenue,

Yardley, Pennsylvania (the "Property") for the year starting December 31, 2004, and ending

December 31, 2005.  A flood (the "2005 Flood") severely damaged the Property in April 2005.

(*Id.* ¶ 13.)  Plaintiffs allege that "M&N was hired by FEMA as intermediary insurance adjusters

to handle and adjust claims under the [2005] Policy as a result of the [2005] Flood."[3]  (*Id.* ¶ 15.)

On June 21, 2005, Plaintiffs submitted a proof of loss under the 2005 Policy.  (*Id.* ¶ 16.)  Starting

on April 4, 2005, Plaintiffs "submitted information including, but not limited to damage and

repair estimates of various contractors and engineers to M&N . . . ."  (*Id.* ¶ 17.)  Plaintiffs allege

that M&N did not "properly and accurately evaluate, adjust and/or timely transmit the damage

and repair information" to FEMA (or Liberty Mutual).  (*Id.* ¶ 18.)  Plaintiffs contend that as a

result of M&N's failure to transmit information to FEMA (or Liberty Mutual), "FEMA denied,

constructively denied, and/or partially denied" Plaintiffs' proof of loss.  (*Id.* ¶ 19.)  The 2006

Complaint alleges a breach of contract claim against Liberty Mutual (*id.* ¶¶ 21-24), a negligence

_____

Liberty Mutual issued them.  However, the allegations are irrelevant to our review of these complaints.

[3] As with Plaintiffs' allegation regarding the entity with which they entered their SFIPs, it is unclear whether Liberty Mutual or FEMA is the entity that retained M&N's services.  The statutory scheme suggests that if Liberty Mutual were acting as a WYO company, then it would have retained M&N directly.  *See* 44 C.F.R. § 62.23(d) ("A WYO Company issuing flood insurance coverage shall arrange for the adjustment . . . of all claims arising from policies of flood insurance it issues under the Program . . . ."); *id.* § 62.23(e) ("In carrying out its functions . . . , a WYO Company shall use its own customary standards, staff and independent contractor resources, as it would in the ordinary and necessary conduct of its own business affairs . . . ."); *id.* § 62.23(i)(2) ("The WYO Company may use its staff adjusters, independent adjusters, or both.").  The 2006 Complaint, however, clearly alleges that FEMA retained M&N.  The 2007 Complaint makes the same allegations regarding Defendant Pilot.  (2007 Compl. ¶ 15.)  Whether it was FEMA or Liberty Mutual that retained the insurance adjusters is not determinative of the issues raised by these motions.

claim against M&N (*id.* ¶¶ 25-29), and a third-party beneficiary contract claim against M&N (*id.* ¶¶ 30-32).

### 2. 2006 Policy and Flood

In December 2005, Plaintiffs entered into a renewal SFIP with Liberty Mutual. (2007 Compl., Ex. A. (hereinafter, the "2006 Policy").) The 2006 Policy provided coverage from December 31, 2005, to December 31, 2006. (*Id.*) In June 2006, a second flood (the "2006 Flood") severely damaged the Property. (*Id.* ¶ 12.) After the 2006 Flood, Pilot served as an intermediary insurance adjuster to handle claims under the Policy that arose from the 2006 Flood. (*Id.* ¶ 15.) Plaintiffs submitted a proof of loss to FEMA and Liberty Mutual in August 2006. (*Id.* ¶ 16.) In addition, Plaintiffs submitted claims for benefits to Pilot, including damage and repair estimates of various contractors and engineers. (*See id.* ¶ 17.)

Plaintiffs allege that Pilot "failed to properly and accurately evaluate, adjust, and/or timely transmit to FEMA the damage and repair information Plaintiffs had provided to Pilot." (*Id.* ¶ 19.) Plaintiffs contend that as a result of Pilot's failure, Liberty Mutual "denied and/or partially denied certain damages to the Property as a result of the Flood claimed by Plaintiffs under the Policy." (*Id.* ¶ 28.) The 2007 Complaint alleges a breach of contract claim against Liberty Mutual (*id.* ¶¶ 21-24), a negligence claim against Pilot (*id.* ¶¶ 25-29), and a third-party beneficiary contract claim against Pilot (*id.* ¶¶ 30-32).

## II.   LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In other words, a complaint

must "state a claim to relief that is plausible on its face." *Id.* at 570.  When assessing whether the complaint satisfies this standard, courts must treat a complaint's allegations as true.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  However, courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Id.* at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 1950.

## III.    ANALYSIS

Defendant M&N's Motion for Summary Judgment[4] and Defendant Pilot's Motion to Dismiss both challenge Plaintiffs' ability to state a claim.  M&N seeks summary judgment on the grounds that the NFIA and FEMA regulations preempt Plaintiffs' negligence and third-party beneficiary contract claims.  (06-1371, Doc. No. 21 at 3-5.)  In response, Plaintiffs "acknowledge that the adjustment and administration of claims has been expressly pre-empted by the amendment of SFIP in 2004," but argue that "since [Plaintiffs'] rights under federal common law are expressly preserved, their claim against M&N Adjusting survives th[e] Motion for Summary Judgment."  (06-1371, Doc. No. 23-3 at 2.)  Pilot's Motion to Dismiss does not raise the preemption issue, but rather challenges Plaintiffs' ability to state negligence and third-party

_____

[4] Because Defendant M&N's Motion for Summary Judgment challenges Plaintiffs' ability to state a claim and does not require us to consider documents or other material outside the pleadings, we will treat it as a motion to dismiss.  *See Cabrita Point Dev., Inc., v. Evans*, No. 2006-109, 2008 U.S. Dist. LEXIS 105405, at *18 (D.V.I. Dec. 31, 2008) ("A motion for summary judgment may be made solely on the pleadings, when it is so made it is functionally the same as a motion to dismiss or a motion for judgment on the pleadings."  (quoting *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968))); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2713 (3d ed. 1998) ("[A] summary-judgment motion may be made on the basis of the pleadings alone, and if this is done it functionally is the same as a motion to dismiss for failure to state a claim or for a judgment on the pleadings.") (footnotes collecting cases omitted).

beneficiary claims under Pennsylvania law.  (07-2477, Doc. No. 15 at 4-7.)  Plaintiffs respond to

Pilot's state-law based challenges to the negligence and third-party beneficiary claims with

arguments premised on state law.  (*See* 07-2477, Doc. No. 16 at 5-7.)

The gravamen of the claims against M&N in the 2006 Complaint and the claims against

Pilot in the 2007 Complaint is identical.  The facts alleged and the legal theories invoked by both

complaints are essentially the same with immaterial differences in the identity of the adjuster, the

coverage period of the SFIP, and the date of the flood.  (*Compare* 2006 Compl. ¶¶ 15-17, 18-19,

25-32, *with* 2007 Compl. ¶¶ 15-17, 19-20, 25-32.)  Neither complaint articulates whether the

negligence and third-party beneficiary claims are intended to be state law claims or federal

common law claims.  Plaintiffs appear to have taken different approaches in their briefing of the

two cases, arguing in the 2006 Action that their claims against M&N are "preserved" by federal

common law while arguing in the 2007 Action that their claims against Pilot are permissible

under Pennsylvania law.  Under either theory, Plaintiffs cannot state a claim.  Because of the

ambiguity in the complaints, we will address both the preemption issue and the federal common

law issue.  We will also discuss why the language of the policies prevents Plaintiffs from stating

a claim against the Adjuster Defendants, regardless of whether Plaintiffs' claims arise under state

law or federal common law.

A.      **Preemption of State Law Claims**

Several courts, including the Third Circuit, have determined that the NFIA preempts state

law claims that are based on the handling and disposition of SFIP claims.  *C.E.R.*, 386 F.3d at

272 & n.12 (citing *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 949 (6th Cir. 2002)); *Dudick v.

Nationwide Mut. Fire Ins. Co.*, No. 06-1768, 2007 U.S. Dist. LEXIS 21773, at *8 (E.D. Pa. Mar.

27, 2007) ("State law claims which involve disputes regarding the adjustment and handling of

claims are preempted by the National Flood Insurance Act."); *see also Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005) (joining the Third and Sixth Circuits "in holding that state law tort claims arising from claims handling by a WYO [company] are preempted by federal law"); *Moffett v. Computer Scis. Corp.*, 457 F. Supp. 2d 571, 580-88 (D. Md. 2006) (discussing at length the preemptive effect of the NFIA on state law tort claims).  In *C.E.R. v. Aetna Casualty and Surety Co.*, the Third Circuit determined that applying state tort law to SFIPs would impede Congress's objective and that, accordingly, conflict preemption barred state tort claims arising out of the handling of SFIP claims.  386 F.3d at 270.  The SFIP at issue in *C.E.R.* was based on an SFIP issued pursuant to the FEMA regulations in effect in 1985.  *Id.* at 268-69 nn.5-6 (noting that the "immediate effect of our decision is limited, as a relevant Policy provision has since been changed").  The court noted that the post-2000 version of FEMA regulations "[a]rguably" contains an express provision preempting state law claims.  *Id.* at 269 & n.6 (comparing 44 C.F.R. pt. 61, app. A(1), art. X (1985) with 44 C.F.R. pt. 61, app. A(1), art. IX (2002)).  The Third Circuit has not revisited the issue since *C.E.R.*, but the Fifth Circuit has held that the language of the post-2000 SFIP preempts state tort claims.  *Gallup*, 434 F.3d at 344 (holding that regulations promulgated by FEMA preempted state law claims); *see also Hillsborough County v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985) ("We have held repeatedly that state laws can be pre-empted by federal regulations as well as by federal statutes.").

The "What Law Governs" section of the SFIP, which has been in effect since 2001, provides:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.

44 C.F.R. pt. 61, App. A(1), Art. IX.  Both of the policies at issue in this case contain that language.  (*See also* 2005 Policy, Art. IX; 2006 Policy, Art. IX.)  Considering the observation of the Third Circuit in *C.E.R.* and the holding of the Fifth Circuit in *Gallup*, we conclude that the language of the regulation stating that disputes arising from the handling of SFIPs are governed "exclusively" by FEMA serves to expressly preempt state law claims.  *See C.E.R.*, 386 F.3d at 269 & n.6; *Gallup*, 434 F.3d at 342.  Even if this were not the case, the Third Circuit's determination in *C.E.R.* that conflict preemption bars state law claims would still govern.  Under either approach, state law claims arising from the handling of SFIP claims are preempted.  Therefore, to the extent that the 2006 Complaint and the 2007 Complaint allege state law negligence and third-party beneficiary contract claims against M&N and Pilot, respectively, those claims are preempted and must be dismissed.  *See C.E.R.*, 386 F.3d at 270; *Gallup*, 434 F.3d at 344; *see also Moffett*, 457 F. Supp. 2d at 580 (dismissing state law fraud claims against independent adjuster defendants because the claims were preempted by the NFIA).

### B.    Federal Common Law

FEMA regulations dictate that "Federal common law" governs all disputes arising from the handling of SFIP agreements.  44 C.F.R. pt. 61, App. A(1), Art. IX.  In their response to M&N's Motion for Summary Judgment, Plaintiffs assert that because their "rights under federal common law are expressly preserved, their claim against M&N Adjusting survives th[e] Motion for Summary Judgment."  (06-1371, Doc. No. 23-3 at 2.)  Plaintiffs do not identify what specific rights they believe to be "expressly preserved" by federal common law, but since the complaints allege negligence and third-party beneficiary contract claims against the Adjuster Defendants, we address whether Plaintiffs can state those claims against M&N and Pilot under federal common law.

10

The use of the phrase "Federal common law" in the FEMA regulations means that federal law, as opposed to state contract law, governs the interpretation of SFIPs. *Baker v. Allstate Ins. Co.*, No. 07-283, 2007 U.S. Dist. LEXIS 61029, at *10 (E.D. La. Aug. 20, 2007). SFIPs are to be interpreted under a consistent framework developed by federal courts and informed by standard insurance law principles. *See Linder & Assocs. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3d Cir. 1999) (construing SFIP in accordance with standard insurance law principles); *see also Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 809 (3d Cir. 2005) (citing *Linder*, 166 F.3d at 550); *Studio Frames*, 369 F.3d at 382 ("[T]he development of the[] governing federal common law principles is informed by 'standard insurance law principles.'" (quoting *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 608 n.17 (4th Cir. 2002))). This approach permits courts "to fashion [a] uniform interpretation [of SFIPs] throughout the country and avoid state to state coverage variances." *See Suopys*, 404 F.3d at 809 (citing *Linder*, 166 F.3d at 550). The inclusion of the phrase "Federal common law" in the FEMA regulations does not create a basis for plaintiffs to allege extra-contractual causes of action that do not appear in the NFIA or FEMA regulations. *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 394 (5th Cir. 2007) (determining that the NFIA does not permit SFIP-holders to bring extra-contractual claims against WYO companies); *Dickerson v. State Farm Fire & Cas. Co.*, No. 06-5181, 2007 U.S. Dist. LEXIS 38089, at *6 (E.D. La. May 23, 2007) ("[T]he court declines to recognize Plaintiffs' extra-contractual claims arising from claims handling or claims adjusting as federal common law claims."); *Stritchfield v. Mutual of Omaha Ins. Co.*, 341 F. Supp. 2d 675, 682 (E.D. Tex. 2004) (dismissing extra-contractual common law claims and noting that "[w]hen Congress decides to allow negligence

causes of action, or consequential damages under the NFIA, it will amend the statute").[5]
Attempts to use the regulation's reference to federal common law as a basis for stating extra-contractual causes of action that are not expressly authorized by the NFIA or FEMA regulations amount to an impermissible re-labeling of state law claims that must be rejected. *Dickerson*, 2007 U.S. Dist. LEXIS 38089, at *6; *Perdido Sun Condo. Ass'n v. Nationwide Mut. Ins. Co.*, No. 06-318, 2007 U.S. Dist. LEXIS 64571, at *18 (N.D. Fla. Aug. 30, 2007) (holding that the plaintiff's assertion of negligence under the federal common law language of the FEMA regulation was an impermissible attempt to recast a state law claim); *Baker*, 2007 U.S. Dist. LEXIS 61029, at *9-12 (denying the plaintiffs' request that the court "exercise its equitable powers" and recognize a bad faith cause of action under the federal common law language of the FEMA regulation because doing so would allow the plaintiffs to "impermissibly re-label[] their state law claims").

Thus, it is clear that Plaintiffs cannot state a negligence claim against the Adjuster Defendants, regardless of whether they attempt to base the claim on state law or federal common law. *See Dickerson*, 2007 U.S. Dist. LEXIS 38089, at *6 (plaintiffs could not state negligence claim under the NFIA); *Perdido Sun*, 2007 U.S. Dist. LEXIS 64571, at *18 (same); *Baker*, 2007

---

[5] Another way to view Plaintiffs' assertion of extra-contractual claims that are not expressly permitted by the NFIA is as a request to recognize an implied private cause of action under the NFIA. *See Stritchfield*, 341 F. Supp. 2d at 678-79. The court in *Stritchfield* conducted a thorough and persuasive analysis of why there is no implied private right of action under the NFIA. *Id.* at 678-80 (employing the standard for recognizing an implied private cause of action mandated by the Supreme Court in *Cort v. Ash*, 422 U.S. 66 (1975) and *Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979), and determining, among other things, that there "is nothing in the [NFIA's] legislative history suggesting a statutory cause of action for negligence"); *see also Wright*, 500 F.3d at 395 (determining that there is no implied right of action under the NFIA). We agree with the reasoning of *Stritchfield* and see no reason to read an implied private cause of action into the NFIA.

U.S. Dist. LEXIS 61029, at *9-10 (same).  Nor can Plaintiffs state a third-party beneficiary claim

against the Adjuster Defendants.  While we are aware of no case that directly addresses the

viability of third-party contract claims asserted under federal common law against insurance

adjusters, we are satisfied that the analysis should be the same as the analysis when dealing with

negligence.  The NFIA does not expressly contemplate such a cause of action.  It expressly

permits suits only against the director of FEMA.  42 U.S.C. § 4072.  And FEMA regulations

extend liability to WYO companies.  44 C.F.R. § 62.23(d) ("A WYO Company issuing flood

insurance coverage shall arrange for the . . . defense of all claims arising from policies of flood

insurance it issues under the Program."); *C.E.R.*, 386 F.3d at 267 n.4 (noting that "42 U.S.C.

§ 4072 authorizes suit against the FEMA Director upon the disallowance of a claim" and that

"[b]y regulation, the WYO company is sued in place of the FEMA Director").  By contrast, there

is no provision in the NFIA or FEMA regulations that permits policyholders to sue independent

adjusters for claims arising from the handling of SFIPs.  Moreover, allowing Plaintiffs to proceed

here would contradict traditional insurance law principles, which dictate that claims against

adjusters arising out of the handling of insurance claims are properly brought against the insurer.

*See, e.g.*, *Kerr v. FEMA*, 113 F.3d 884, 887 (8th Cir. 1997) (dismissing claim against

independent adjuster retained by FEMA because the independent adjuster had no duty to the

plaintiff; holding that FEMA was the proper party).  *Cf.* 3 Lee R. Russ & Thomas F. Segalla,

*Couch on Insurance* § 48:63 (3d ed. 2009) ("An adjuster is a special agent of the company for

whom he or she acts, and his or her powers and authority are prima facie coextensive with the

business entrusted to his or her care, which usually is limited to ascertainment and adjustment of

a loss.").  Accordingly, Plaintiffs' third-party beneficiary contract claims must also be dismissed.

  The strictures of the Appropriations Clause provide an additional basis for refusing to

permit Plaintiffs to proceed with negligence or third-party beneficiary contract claims that are not expressly permitted by the NFIA or FEMA regulations.  As the Ninth Circuit cautioned in *Flick v. Liberty Mutual Fire Insurance Co.*, the Appropriations Clause of the Constitution "prohibits the judiciary from awarding claims against the United States that are not authorized by statute." 205 F.3d 386, 391 (9th Cir. 2000) (refusing to extend the SFIP's 60 day proof of loss requirement because doing so would violate the Appropriations Clause).  This prohibition extends to recognizing claims not expressly authorized by the NFIA or FEMA regulations.

C.      **Terms of the SFIP**

Plaintiffs' negligence and third-party beneficiary claims fail for a final reason.  Based on the facts alleged, the language of the SFIPs prevents Plaintiffs from stating a claim against the Adjuster Defendants.  Plaintiffs allege that they submitted a proof of loss in connection with the 2005 Flood (2006 Compl. ¶ 16) and a proof of loss in connection with the 2006 Flood (2007 Compl. ¶ 16).  In both instances, they allege that they "submitted information including, but not limited to, damage and repair estimates of various contractors and engineers" to the appropriate Adjuster Defendant.  (2006 Compl. ¶ 17; 2007 Compl. ¶ 17.)  Plaintiffs contend that the Adjuster Defendants, "despite [their] agreed upon obligation[s] . . . failed to properly and accurately evaluate, adjust and/or timely transmit to FEMA the damage repair information Plaintiffs had provided" to them.  (2006 Compl. ¶ 18; 2007 Compl. ¶ 19.)  Plaintiffs further contend that as a result of the Adjuster Defendants' failures "FEMA denied, constructively denied, and/or partially denied certain damages claimed by Plaintiffs."  (2006 Compl. ¶ 19; 2007 Compl. ¶ 20.)

The Requirements in Case of Loss clause of the SFIP, contained in the General Conditions provision of the policy, requires the insured to send the WYO company a proof of loss within sixty days after the loss.  44 C.F.R. pt. 61, App. A(1), Art. VII, cl. J, § 4.

14

Policyholders are informed that "[i]n completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount." *Id.* § 5. They are further informed that:

> The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, *this is a matter of courtesy only*, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it.
>
> We have not authorized the adjuster to approve or disapprove claims or to tell you whether we will approve your claim.
>
> At our option, we may accept the adjuster's report of the loss instead of your proof of loss. The adjuster's report will include information about your loss and the damages you sustained. You must sign the adjuster's report. At our option, we may require you to swear to the report.

*Id.* §§ 7-9 (emphasis added). The final section of the SFIP, entitled Claim Guidelines in Case of a Flood, reiterates, among other things, that it is the policyholder's responsibility to submit a proof of loss; that "[a]ny and all coverage problems and claim allowance restrictions must be communicated directly to the [WYO] Company" by the policyholder; and that the WYO company may accept the adjuster's report instead of the policyholder's proof of loss. *Id.* at unnumbered section on p. 10.

In the light of the clear requirements of the SFIPs, Plaintiffs' allegations regarding the conduct of the Adjuster Defendants are problematic. For instance, the allegations that Plaintiffs submitted proofs of loss render difficult to understand the allegations that the Adjuster Defendants did not timely submit the repair estimates of various contractors and engineers. If Plaintiffs had followed the procedures required by the SFIP, they would have submitted all the information necessary to recover the amount owed under their policies. *See, e.g.*, 44 C.F.R. pt. 61, App. A(1), Art. VII, cl. J, § 4f (requiring the policyholder to submit "[s]pecifications of

15

damaged buildings and detailed repair estimates"). Plaintiffs have not alleged that this is what occurred. They allege, rather, that they provided the Adjuster Defendants with information and that the Adjuster Defendants did not transmit that information to Liberty Mutual and that these failures resulted in denial (or improper diminishment) of their claims.

In addition, the SFIPs make it clear that the services provided by the adjusters were "a matter of courtesy only" and that the ultimate responsibility for submitting a proof of loss resided with Plaintiffs. *See id.* § 7. Plaintiffs' obligation to file a proof of loss was independent of the Adjuster Defendants' conduct. Thus, even if the Adjuster Defendants had improperly documented Plaintiffs' flood damage, Plaintiffs would still have had to submit a proper proof of loss.[6] *Cf. Flick*, 205 F.3d at 391 (holding that "it is clear that a claimant under a standard flood insurance policy may not avoid strict enforcement of the 60 day sworn proof of loss requirement"). In that scenario, if Liberty Mutual had relied on the Adjuster Defendants' improperly documented reports, the resulting dispute would then be a contract dispute between Plaintiffs and Liberty Mutual. The SFIP contemplates such a situation and provides contractual mechanisms for its resolution. *See* 44 C.F.R. pt. 61, App. A(1), Art. VII, cl. P (providing for an appraisal process to resolve disputes over the value of the damaged property). Based on the language of the SFIPs, it is difficult to comprehend how Plaintiffs can bring a claim against Liberty Mutual's adjusters for failure to properly handle or adjust Plaintiffs' claim.

---

[6] We note that the outcome would not be different if Plaintiffs had alleged that the Adjuster Defendants had incorrectly informed Plaintiffs that they were not obligated to submit a proof of loss and that the adjuster's report was all that was necessary under the SFIP. This is so because "the insured is charged with the constructive knowledge of the provisions of the SFIP 'regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence.'" *Lamann v. State Farm Ins. Co.*, No. 03-2993, 2005 U.S. Dist. LEXIS 2204, at *13 (E.D. La. Feb. 11, 2005) (quoting *Richmond Printing LLC v. Dir. FEMA*, 72 Fed. App'x 92, 98 (5th Cir. 2003) (unpublished opinion)).

These observations highlight the fact that the allegations against the Adjuster Defendants are not supported by sufficient facts to state claims for relief that are plausible on their face.  *See Twombly*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").  The vague and potentially contradictory nature of the complaints amounts to "[t]hreadbare recitals" of liability that are supported by "mere conclusory statements."  *See Iqbal*, 129 S. Ct. at 1949.

## IV.   CONCLUSION

For the foregoing reasons, M&N's Motion for Summary Judgment and Pilot's Motion to Dismiss will be granted.

An appropriate Order will follow.

BY THE COURT:

_____
R. Barclay Surrick, J.

17

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT M. SUTOR AND   :
TERESA Y. SUTOR     :
            :   CIVIL ACTION
    v.      :
            :   NO. 06-1371
FEDERAL EMERGENCY   :
MANAGEMENT AGENCY,   :
LIBERTY MUTUAL FIRE INSURANCE :
COMPANY, AND M&N    :
ADJUSTING, INC.      :

_____

ROBERT M. SUTOR AND   :
TERESA Y. SUTOR     :
            :   CIVIL ACTION
    v.      :
            :   NO. 07-2477
FEDERAL EMERGENCY   :
MANAGEMENT AGENCY,   :
LIBERTY MUTUAL FIRE INSURANCE :
COMPANY, AND PILOT    :
CATASTROPHE SERVICES, INC.  :

**<u>ORDER</u>**

   AND NOW, this  9<u>th</u>  day of July, 2009, upon consideration of the Motion for

Summary Judgment of Defendant, M&N Adjusting, Inc. (06-1371, Doc. No. 21), and the Motion

of Defendant, Pilot Catastrophe Services, Inc., to Dismiss Plaintiffs' Complaint Pursuant to

F.R.C.P. 12(b)(6) and/or for a More Definite Statement Pursuant to F.R.C.P. 12(e) (07-2477,

Doc. No. 15), it is ORDERED as follows:

   1.   The Motion for Summary Judgment of Defendant, M&N Adjusting, Inc. (06-

      1371, Doc. No. 21) is GRANTED.

   2.   Counts II and III of the 2006 Complaint (06-1371, Doc. No. 1) are DISMISSED.

3.      The Motion of Defendant, Pilot Catastrophe Services, Inc., to Dismiss Plaintiffs'

        Complaint Pursuant to F.R.C.P. 12(b)(6) and/or for a More Definite Statement

        Pursuant to F.R.C.P. 12(e) (07-2477, Doc. No. 15) is GRANTED.

4.      Counts II and III of the 2007 Complaint (07-2477, Doc. No. 1) are DISMISSED.


IT IS SO ORDERED.


                                BY THE COURT:


                                _____

                                R. Barclay Surrick, J.